Filed 6/30/22  P. v. T.C. CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>T.C.,<br><br>　　　Defendant and Appellant. | A163064<br><br>(Contra Costa County Superior Court No. J16-01085) |

After a sustained juvenile petition, numerous probation violations, and failed placements, the juvenile court committed defendant T.C. to the Department of Juvenile Justice (DJJ). Counsel for T.C. filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also informed T.C. that he had the right to file a supplemental brief on his own behalf, but he declined to do so.  Finding no meritorious issues, we affirm.

1

# BACKGROUND

*Prior Juvenile Proceedings*

In November 2016, when defendant was 13 years old, he admitted a violation of Penal Code[1] section 211 (robbery). Over the course of the next four years, he admitted and was found to have committed numerous violations of his probation, including while under the supervision of his grandmother, in an out-of-home placement, and at the Orin Allen Youth Rehabilitation Facility (OAYRF).

*Current Offenses*

On February 11, 2021, defendant entered a used car lot, EKE Motorsports, and told the sales associate he was interested in purchasing a vehicle. Defendant was in the driver's seat inspecting an Audi S5 coupe when he attempted to flee with the vehicle. The sales associate moved in front of the vehicle and jumped on the hood to prevent defendant from leaving. However, because the vehicle was moving forward, the sales associate fell off, and defendant escaped the parking lot.

The sales associate drove another car off the premises in an attempt to locate the stolen vehicle. He found defendant parked against a retaining wall. In an attempt to block in the stolen vehicle, the sales associate parked his car in front of it. Defendant backed up into the retaining wall and then struck the sales associate's car before successfully escaping. Defendant was

---

[1] All further undesignated statutory references are to the Penal Code.

2

apprehended by police the following morning.  The sales associate suffered a concussion and other minor injuries.

*Juvenile Court Proceedings*

Pursuant to a plea bargain, defendant entered a no-contest plea to two counts of assault by force likely to produce great bodily injury (§ 245, subd. (a)(4)) and an amended count of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a).)  In exchange, the prosecution dismissed one count of carjacking (§ 215, subd. (a).)

The probation department recommended commitment to the DJJ.  At the contested disposition hearing on April 14, 2021, the juvenile court agreed that in comparison to alternative, less restrictive rehabilitation programs, the resources available at the DJJ were best suited to address defendant's "very severe, long-term and complex needs."  The court adjudged defendant an indefinite ward of the court, removed him from the custody of his guardians, and committed him to the DJJ for a maximum of seven years, with credit for 1232 days.

## DISCUSSION

As noted, T.C.'s appellate counsel filed an opening brief asking that this court conduct an independent review of the record pursuant to *Wende*.  Counsel also informed appellant that he had the right to file a supplemental brief on his own behalf, but appellant has not done so.

Pursuant to *Wende* and *In re Kevin S.* (2003) 113 Cal.App.4th 97, 118–119, we have conducted a thorough review of the record and find no error.  T.C.'s juvenile history

3

included more than a dozen probation violations, eight times absconding from earlier placements, and failures at both the OAYRF and the Youth Offender Treatment Program. In light of T.C.'s remarkably poor past performance over the course of several years and the violent, escalating conduct involved in the instant offense, the juvenile court did not abuse its discretion in finding that a DJJ commitment was appropriate because there were no less restrictive suitable alternatives. (*In re Jonathan T.* (2008) 166 Cal.App.4th 474, 484–485.)

We are satisfied that the trial court did not err and that there are no arguable issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

BROWN, J.

WE CONCUR:

STREETER, ACTING P. J.
NADLER, J.[*]

*People v. T.C.* (A163064)

---

[*] Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4